## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GARY EARL PADGETT,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **CIVIL ACTION 08-0625-KD-N** |
| **THOMAS BAXTER, et al.,** | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

Plaintiff, a former Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 together with a motion to proceed without prepayment of fees.. Plaintiff's motion was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1)[1] and was granted.  (Doc. 8).  Because Plaintiff sought leave to proceed in forma pauperis, the Court is required to screen the amended complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B).  Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions).  After careful review, it is recommended this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 19159e)(2)(B)(I).

---

[1] Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters to a Magistrate Judge.

I. <u>Amended Complaint</u>.  (Doc. 4).[2]

Plaintiff is complaining about being held in prison beyond his release date.  He has

sued Thomas Baxter, circuit court judge for Washington County, Alabama,

Spencer Walker, district attorney for Washington County, Ben Kelly, his attorney, and the

Alabama Division of Risk Management in this damages action.

Plaintiff alleges that his release date was November 29, 2006, but he was released

on January 4, 2008, approximately fourteen months later.  On December 4, 2006, Plaintiff

began writing letters to Defendant Kelly, Defendant Walker, and Defendant Baxter

without any success.  He then filed a petition for the writ of habeas corpus which the clerk

sent to the Alabama Court of Appeals.  Subsequently, he filed a "motion of relief."

Defendant Baxter sentenced Plaintiff on June 2, 2004 to a fifteen-year sentence

with three years split and gave Plaintiff jail credit of 182 days.  (Doc. 4 at 5).[3]  Plaintiff

spent thirty months in prison and had a release date of November 29, 2006.  Plaintiff

---

[2] This action is before the Court on the amended complaint which Plaintiff was ordered to file because his original complaint was not on the Court's form.  (Docs. 1 & 3). Plaintiff was also warned that the amended complaint would supersede his prior complaint.

[3] In the initial complaint filed by Plaintiff, he attached two documents that bear on his actual sentence. The Alabama Department of Corrections' Inmate Summary, dated January 2, 2008 (Doc. 1 at 9), provides that Plaintiff received three, five-year probation sentences on three counts of sex abuse, first degree.  The term of incarceration is shown as being three years on each conviction as he has split sentences. The jail credit is given as six months and twenty days, and his minimum release date is identified as November 29, 2006.
The last attachment is a copy of an order from Defendant Baxter, dated December 19, 2007, finding, "That the Defendant's motion is due to be granted and that it was the intent of both the State of Alabama and the Defendant that when the Defendant pled guilty that all of his charges were to run concurrent with each other instead of consecutive."  (Doc. 1 at 11).

2

charges Defendant Baxter with causing him to serve fourteen months beyond his release date.

Defendant Walker, at the hearing on Plaintiff's motion for relief, said that, based on his records, Plaintiff should have been released on November 29, 2006 in light of the fifteen-year sentence with three years split and the jail credit.  (Doc. 4 at 5).

Defendant Kelly is alleged to have threatened Plaintiff at the guilty plea hearing by telling Plaintiff that, if he did not take the guilty plea, he would get a life sentence, because the man sentenced before Plaintiff, who was convicted of a class C felony, received a life sentence.  (Doc. 4 at 5-6).

The remaining Defendant is the Division of Risk Management.  Plaintiff contends that an inmate who is held beyond the end of sentence is to be compensated in the amount of $50,000 pursuant to Alabama Code § 29-2-9, with Alabama Code § 41-4-211 reinforcing this.  (Doc. 4 at 7).  He also asserts that he is entitled to any monies that he would have earned during the fourteen-month period that he served beyond his release date in addition to those deemed necessary, and wants to be granted justice.[4]  (Id.).

II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing the

---

[4]Plaintiff's original complaint provides further details.  "Judge Baxter granted [him] relief Sept 17th 2007, ordered Mr. Kelly to [immediately] file[] the papers and [he] was released Jan 23rd 2008.  Mr. Kelly was the direct cause [for him] staying in prison 80 days longer than [he] was suppose to."  (Doc. 1 at 2).

amended complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B).[5]  Under §

1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis

in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).

A claim is frivolous as a matter of law where, inter alia, the defendants are immune from

suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does

not exist.  Id.  Judges are accorded "not only the authority to dismiss [as frivolous] a

claim based on indisputably meritless legal theory, but also the unusual power to pierce

the veil of the complaint's factual allegations and dismiss those claims whose factual

contentions are clearly baseless."  Id.

     Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for

failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d

1483, 1490 (11th Cir. 1997); Ashcroft v. Iqbal, – U.S. – , 129 S.Ct. 1937, 1949-50 (2009).  To

avoid dismissal for failure to state a claim upon which relief can be granted, the

allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557,

127 S.Ct. 1955, 1966 (2007).  "Factual allegations must be enough to raise a right to relief

above the speculative level[.]"  Id. at 555, 127 S.Ct. at 1965.  That is, the allegations must

be a "'plain statement' possess[ing] enough heft to

 'sho[w] that the pleader is entitled to relief.'"  Id. at 557, 127 S.Ct. at 1966 (second

---

[5]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams,
490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered when Congress enacted 28 U.S.C. §
1915(b)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S.
1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  Bilal, 251 F.3d at
1348-49.

brackets in original).  "[L]abels and conclusions[] and a formulaic recitation of a cause of action's elements" are insufficient grounds for entitlement to relief.  Id. at 555, 127 S.Ct. at 1965.  However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21 (2007).

In a pro se litigant's action, his allegations are given a liberal construction by the Court.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596 (1972) (holding that a pro se litigant's allegations are held to a more lenient standard than the those of an attorney).  However, the Court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).  Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

III.  Discussion.

A. Claim Against Defendant Baxter.

Defendant Baxter is a circuit court judge who imposed Plaintiff's original sentence and later presided over Plaintiff's motion for relief.  In a § 1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "'clear absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1104-05 (1978) (quotation omitted);

Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same).  A judge is entitled to this immunity even though his acts were in error, were malicious, or were in excess of his jurisdiction.  Stump, 435 U.S. at 356, 98 S.Ct. at 1104.

Plaintiff alleges that Defendant Baxter sentenced him and ruled on his motion for relief.  Imposing criminal sentences and conducting hearings are functions that a judge typically performs.  Thus, the first prong of the Stump immunity test requiring a judge to have acted in his or her judicial capacity is met.

The next prong of the Stump test is whether Defendant Baxter acted in the "'clear absence of all jurisdiction.'"  Simmons, 86 F.3d at 1085 (quoting Stump, 435 U.S. at 357).  An Alabama circuit court judge has exclusive original jurisdiction over all felony prosecutions.  ALA. CODE § 12-11-30(2) (1996).  In the original complaint, Plaintiff identifies his conviction connected to his sentence as a conviction for sex abuse.  (Doc. 1 at 1).  When a custody sentence is greater than one year, the criminal conviction is for a felony.  Compare  ALA. CODE § 13A-5-6 (a sentence for a felony is greater than one year and one day), with ALA CODE § 13A-5-7 (a sentence for a misdemeanor shall not exceed one-year imprisonment); see ALA. CODE § 13A-6-66 (sex abuse, first degree, is a class C felony).  Thus, defendant Baxter was acting within his jurisdiction when he sentenced Plaintiff and handled the motion for relief.

The Court realizes that Plaintiff attributes error to Judge Baxter's handling of the different aspects of the criminal case against Plaintiff.  An error by a judge in a ruling or in the handling of a case, however, does not divest a judge of jurisdiction over an action

before him or her.  See Stump, 435 U.S. at 363-64, 98 S.Ct. at 1108-09 (holding that

judicial immunity extends to judicial acts that may contain error).

Because both prongs of the Stump test are satisfied, Defendant Baxter is entitled to

absolute judicial immunity from Plaintiff's damages claims.  Accordingly, Plaintiff's

damages claims against Defendant Baxter are frivolous as a matter of law and are due to

be dismissed.  See Jackson v. Geiger, 288 Fed. Appx. 549, at *1 (11th Cir. 2008)

(unpublished) (ruling that the state court judge who ruled on an inmate's post-conviction

proceeding was entitled to judicial immunity and that the federal court lacked subject

matter jurisdiction in a § 1983 action to rule on a state court's ruling in a post-conviction

proceeding in light of the Rooker-Feldman doctrine).

B.  Claim Against Defendant Walker.

The claim against Defendant Walker is for advising the court at a hearing that his

records reflected that Plaintiff should have been released on November 29, 2006.  When a

prosecutor is sued in a § 1983 action for acts or omissions associated with the judicial

process, in particular, those taken in initiating a prosecution and in presenting the

government's case, a prosecutor is entitled to absolute prosecutorial immunity from

damages.  Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S.Ct. 984, 995 (1976); Wahl v.

McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); Fullman v. Graddick, 739 F.2d 553, 558-59

(11th Cir. 1984).  The common law and the functions being performed by the prosecutor

determine if the prosecutor is to be accorded absolute immunity for his actions.  Malley v.

Briggs, 475 U.S. 335, 342, 106 S.Ct. 1092, 1096-97 (1986).  The purpose of absolute

prosecutorial immunity is to protect "a central actor in the judicial process" so  the

performance of the prosecutor will not be impaired.  Id. at 343, 106 S.Ct. at 1097.

In the present action Defendant Walker was representing the State on Plaintiff's

post-conviction motion for relief.  Because Defendant Walker was acting in his role as

advocate for the State, he is due to be granted absolute prosecutorial immunity from

damages.  Imbler, 424 U.S. at 430-31, 96 S.Ct. at 995.  See Ellibee v. Fox, 244 Fed. Appx.

839, at **5 (10th Cir. 2007) (unpublished) ("Absolute immunity applies to the adversarial

acts of prosecutors during post-conviction proceedings, including direct appeals, habeas

corpus proceedings, and parole proceedings, where the prosecutor is personally involved

in the subsequent proceedings and continues his role as an advocate.")(quotation omitted);

see also Allen v. Thompson, 815 F.2d 1433, 1434 (11th Cir. 1987) (holding that a

prosecutor is entitled to absolute immunity for a letter written to the Parole Commission

because this was a continuation of the sentencing process that is "intimately associated

with the judicial phase of the criminal process"); Johnson v. Kegans, 870 F.2d 992, 997-98

(5th Cir.) (finding prosecutor entitled to absolute immunity for a statement to the parole

board), cert. denied, 492 U.S. 921 (1989); Lucien v. Preiner, 967 F.2d 1166, 1167-68 (7th

Cir.) (finding that prosecutor's statement at clemency hearing was covered by absolute

immunity), cert. denied, 506 U.S. 893 (1992); Bruce v. Wade, 537 F.2d 850, 852 (5th Cir.

1976) (finding prosecutor entitled to absolute immunity for filing allegedly false affidavits

in plaintiff's federal habeas proceeding).  Accordingly, the damages claim against

Defendant Walker is due to be dismissed as frivolous.

C.  Claim Against Defendant Kelly.

Plaintiff alleges that Defendant Kelly, his attorney, threatened him at his guilty plea hearing in order to coerce him into accepting a plea bargain that required he plead guilty. In a § 1983 action it is necessary that the defendant have acted under color of state law when the alleged constitutional deprivation was committed.  Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  In a § 1983 action, criminal defense counsel, whether court-appointed or retained, does not act under color of state law in the absence of a conspiracy. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453 (1981) (public defender); Slavin v. Curry, 574 F.2d 1256, 1264 (5th Cir.) (retained counsel), overruled by on other grounds by Sparks v. Duval County Ranch Co., 604 F.2d 976 (5th Cir. 1979).[6]

In Polk County, the Supreme Court reasoned that "[e]xcept for the source of payment, [the] relationship [between criminal defendant and defense counsel is] identical to that existing between any other lawyer and client."  Id. at 318, 102 S.Ct. at 449.  The Polk County Court concluded that "[t]his [relationship] is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed."  Id. at 319, 102 S.Ct. at 450 (footnote omitted).  The Court determined that court-appointed, criminal defense counsel carried out the traditional functions of a lawyer

---

[6]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

representing a criminal defendant and therefore did not act under color of state law. Id. at 325, 102 S.Ct. at 453. Thus, the Court ruled that the § 1983 complaint must be dismissed against criminal defense counsel for lack of state action. Id.

In the present action Plaintiff's allegations do not reflect that Defendant Kelly acted under color of state law. Accordingly, Plaintiff has failed to state a claim upon which relief may granted against Defendant Kelly. And, after considering the context of the claims and that Plaintiff's conviction has not been invalidated as required by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the undersigned determines that the claim against Defendant Kelly is frivolous.

D.  Claim Against Division of Risk Management.

Plaintiff believes that this Defendant is obligated to pay him money pursuant to Alabama Code §§ 29-2-9 and 41-4-211 for the time that he was allegedly wrongfully incarcerated. The Court reviewed the Alabama Code and did not find these two statutes. The Court did find that the Division of Risk Management is a division of the Department of Finance. ALA. CODE § 41-4-300. The Department of Finance is "an executive and administrative department . . . which [has] general supervision of all matters pertaining to the finances of the state and the department, boards, . . . ." ALA. CODE § 41-4-2. Its duties are "[t]o manage, supervise and control all matters pertaining to the fiscal affairs and fiscal procedure of the state . . . ." ALA. CODE § 41-4-3.

In light of this statutory authority, the Court concludes that the Division of Risk Management is an "arm" of the State of Alabama. However, the State of Alabama and its

"arms" are not "persons" for the purpose of an action under 42 U.S.C. § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71,109 S.Ct. 2304, 2312 (1989); cf. Alabama v. Pugh, 438 U.S. 781, 782, 98 S.Ct. 3057, 3058 (1978) (the State and the Alabama Board of Corrections, the predecessor of the Alabama Department of Corrections, were entitled to sovereign immunity).  Section 1983 requires that the defendant be a "person" who acts under color of state law.  Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 106 S.Ct.662 (1986).  Inasmuch as the State of Alabama and its subdivision, Division of Risk Management, are not "persons" for § 1983 purposes, Plaintiff's claim against Defendant Division of Risk Management is frivolous as a matter of law.[7]

---

[7] The Alabama legislature provides under §§ 29-2-130, et seq. of the Alabama Code a means by which individuals who are innocent and have been wrongfully incarcerated may be compensated.  ALA. CODE § 29-2-130.  If Plaintiff meets the statutory criteria, Alabama Code §§ 29-2-156 to 157, he may apply for compensation to the Division of Risk Management.  ALA. CODE § 29-2-158.

IV.  <u>Conclusion</u>.

      Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).[8]

      The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

      DONE this 27th day of August, 2009.


                       /s/ Katherine P. Nelson         
                       UNITED STATES MAGISTRATE JUDGE

---

[8] In this § 1983 action Plaintiff is not entitled to receive damages from the entities which he elected to sue.  Furthermore, in a § 1983 action damages are not awarded for negligent acts. <u>Daniels v. Williams</u>, 474 U.S. 327, 328, 106 S.Ct. 662, 663 (1986) (In a § 1983 action "the Due Process Clause is simply not implicated by a <u>negligent</u> act of an official causing unintended loss of or injury to life, liberty, or property."); <u>see</u> <u>Davidson v. Cannon</u>, 474 U.S. 344, 348, 106 S.Ct. 668, 671 (1986)("As we held in <u>Daniels</u>, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials.").

    Based on Plaintiff's allegations, the Court cannot direct Plaintiff as to steps to take that would lead to success, nor is the Court allowed to do so.  It would appear that contacting directly an agency or a board with the State, such as the Alabama Board of Adjustment, (Ala. Code § § 41-9-60, <u>et seq.</u>), or the Social Security Administration may provide information that would be beneficial to him.  It may also be advisable to consult an attorney in order to determine what remedies may be available to him or to have the attorney contact the appropriate agency.  An attorney reference can be obtained from county and state bar associations.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within
ten days of the date of service of this document, file specific written objections with the clerk of
court.  Failure to do so will bar a de novo determination by the district judge of anything in the
recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.
See 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v.
Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the
findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR
72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a
> dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's Recommendation" within ten
> days after being served with a copy of the recommendation, unless a different time
> is established by order.  The statement of objection shall specify those portions of
> the recommendation to which objection is made and the basis for the objection.
> The objecting party shall submit to the district judge, at the time of filing the
> objection, a brief setting forth the party's arguments that the magistrate judge's
> recommendation should be reviewed de novo and a different disposition made.  It
> is insufficient to submit only a copy of the original brief submitted to the
> magistrate judge, although a copy of the original brief may be submitted or
> referred to and incorporated into the brief in support of the objection.  Failure to
> submit a brief in support of the objection may be deemed an abandonment of the
> objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the
district judge's order or judgment can be appealed.

2.              **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28
U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original
records in this action are adequate for purposes of review.  Any party planning to object to this
recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United States will pay the cost of the
transcript.